IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNILEVER SUPPLY CHAIN, INC.<br>1 John Street<br>Clinton, Connecticut 06413,<br><br>    Plaintiff,<br><br>v.<br><br>JOSHUA W. STEENMEYER d/b/a<br>PopsicleShirts.com, Inc.<br>6001 Shining Light Avenue<br>Las Vegas, NV 89139,<br><br>    Defendant. | MAY 10 2007<br>    S.D.N.Y.<br>    CASHIERS<br><br>CASE NO. _____<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff Unilever Supply Chain, Inc., by and through its undersigned counsel, brings this action against Joshua W. Steenmeyer d/b/a PopsicleShirts.com, Inc. seeking injunctive relief and damages for trademark infringement, false designation of origin, dilution, unfair competition, and cybersquatting under the laws of the United States, the State of New York and the common law.

## INTRODUCTION

1. Unilever Supply Chain, Inc. ("Unilever") and its predecessors-in-interest have used the POPSICLE trademark since 1923 to sell and market its frozen confection products. Unilever began using the POPSICLE logo design (below) in 1988.



1

2. The products branded under the POPSICLE trademark and the POPSICLE logo (collectively, the "POPSICLE Marks") today are some of the most popular frozen confection products in the United States and have been extensively advertised and promoted by Unilever. The POPSICLE Marks are also used in connection with goods other than frozen confections, including apparel and lip gloss.

3. Defendant is using the POPSICLE mark and a logo design substantially similar to Unilever's POPSICLE logo in connection with the sale of apparel. Defendant's use of these marks that are confusingly similar to Unilever's famous POPSICLE Marks constitutes infringement, false designation of origin, dilution, unfair competition, and cybersquatting, in violation of Unilever's rights.

4. Unilever therefore seeks to enjoin Defendant's infringing and dilutive conduct and to recover compensatory and punitive damages resulting from Defendant's injury to Unilever's business and for Defendant's unjust enrichment.

## PARTIES

5. Unilever Supply Chain, Inc. is a corporation organized and existing under the laws of Delaware, having a principal place of business at 1 John Street, Clinton, Connecticut 06413. Unilever and its affiliated companies are leading manufacturers of food, home and personal care products. Among its products and widely recognizable brands, Unilever manufactures, markets and sells frozen confections, ice cream, and a host of other products under the federally registered and famous POPSICLE Marks.

6. Upon information and belief, Joshua W. Steenmeyer is a resident of Nevada, residing at 6001 Shining Light Avenue, Las Vegas, NV 89139. Upon information and belief, Mr. Steenmeyer does business under the name PopsicleShirts.com, Inc.

## JURISDICTION AND VENUE

7. This is an action for infringement of a federally registered trademark in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114; for federal unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); for dilution of a federally registered trademark in violation of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c); for cybersquatting pursuant to the Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d); for injury to business reputation and dilution under N.Y. Gen. Bus. L. § 360-l; for deceptive trade practices under N.Y. Gen. Bus. L. § 349; for trademark infringement in violation of the common law; and for unfair competition in violation of the common law.

8. This court has subject matter jurisdiction over the federal claims relating to trademark infringement, false designation of origin, unfair competition and dilution under 15 U.S.C. § 1121(a) and 28 U.S.C. §§ 1331, 1338(a) and 1338(b).

9. This court has supplemental jurisdiction over the New York state claims pursuant to 28 U.S.C. § 1367(a), because such claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

10. This court has personal jurisdiction over Defendant because Defendant is engaging in, among other activities, advertising, offering for sale and selling apparel using the POPSICLE Marks to customers located throughout the United States, including in the State of New York, by using, among other things, a World Wide Web site on the Internet. Upon information and belief, Defendant has used and continues to use its Web site on a continuous and ongoing basis to interact with and sell such merchandise to New

York residents and, upon information and belief, has sold and has delivered such merchandise to New York residents in New York. Accordingly, Defendant is subject to personal jurisdiction in this Court because it is doing business in New York and because the causes of action asserted in this Complaint arise from Defendant's acts through which it (1) transacts business within New York or contracts anywhere to supply goods or services in New York; (2) commits the alleged tortious acts within New York; and (3) commits the alleged tortious acts outside of New York causing injury within New York and (i) regularly does or solicits business, or engages in other persistent course of conduct and derives substantial revenue from goods used or consumed or services rendered in New York and (ii) expects or should reasonably expect these tortious acts to have consequences in New York and derives substantial revenues from interstate or international commerce (CPLR §§ 301 and 302).

11. Defendant is subject to service of process within the meaning of Rule 4 of the Federal Rules of Civil Procedure.

12. Venue is proper in this court pursuant to 28 U.S.C. §§ 1391 (b) because Defendant has transacted business in and/or has committed tortious conduct within this judicial district, because the events or omissions giving rise to the claim occurred, in part, in the Southern District of New York,

## UNILEVER'S BUSINESS AND MARKS

13. Unilever and its predecessors-in-interest have marketed and sold POPSICLE brand frozen confections since 1923.

14. Unilever and its predecessors-in-interest have marketed and sold frozen confections under the POPSICLE logo design since at least as early as 1988.

15. Unilever and its predecessors-in-interest have also marketed and sold or licensed the marketing and sale of a wide variety of products under the POPSICLE Marks, including apparel, jewelry and personal care products.

16. Unilever has registered and uses numerous domain names consisting of or containing POPSICLE, including the "popsicle.com" domain name, for web sites to promote its POPSICLE brand products.

17. As a result of Unilever's longstanding, extensive, and widespread use, marketing and promotion of its POPSICLE Marks and products, Unilever's POPSICLE Marks are widely recognized by the general consuming public as a designation of source for Unilever's frozen confections and other products. Indeed, Unilever's POPSICLE frozen confections are the number one kids frozen novelty brand.

18. Unilever owns all right, title, and interest in and to the trademark POPSICLE, which is registered under the Trademark Act of 1905 on the Principal Register of the United States Patent and Trademark Office under Registration Number 219,744, registered October 26, 1926, with a date of first use of June 1, 1923 for "nonalcoholic, maltless sirups used in the preparation of frozen confections." (A true and correct copy of the registration certificate is attached as Exhibit A.)

19. Unilever also owns all right, title, and interest in and to the following POPSICLE trademarks, among others, which are registered under the Trademark Act of 1946 on the Principal Register of the United States Patent and Trademark Office for the products indicated below. (True and correct copies of the registration certificates are attached as Exhibit B.)

    (a)    POPSICLE THE ORIGINAL BRAND and Design, Registration Number 1,840,718 registered June 21, 1994 and first used in commerce at least as early as January 1, 1988 for "frozen confections";

    (b)    POPSICLE, Registration Number 2,421,400 registered January 16, 2001 and first used in commerce at least as early as 1923 for "frozen confections";

    (c)    THE ORIGINAL BRAND POPSICLE and Design, Registration Number 2,651,685 registered November 19, 2002 and first used in commerce at least as early as March 1, 2000 for "ice cream";

    (d)    POPSICLE, Registration Number 2,668,524 registered December 31, 2002 and first used in commerce at least as early as March 1, 2000 for "ice cream";

    (e)    THE ORIGINAL BRAND POPSICLE and Design, Registration Number 2,811,550, registered February 3, 2004 and first used in commerce at least as early as July 31, 2003 for "lip gloss";

    (f)    POPSICLE, Registration Number 2,968,587 registered July 12, 2005 and first used in commerce at least as early as June 2004 for "bracelets";

    (g)    POPSICLE, Registration Number 2,973,936 registered July 19, 2005 and first use in commerce at least as early as December 1, 2003 for "toothbrushes"; and

    (h)    POPSICLE, Registration Number 3,009,533 registered October 25, 2005 and first used in commerce at least as early as July 2005 for "footwear".

20. Unilever's federal registrations for the marks referenced above are valid and subsisting and in full force and effect.

21. Unilever's registrations for the POPSICLE Marks provide constructive notice of Unilever's claim of ownership under 15 U.S.C. § 1072.

22. Unilever's federal registration for POPSICLE THE ORIGINAL BRAND and Design, Registration No. 1,840,718 is incontestable pursuant to the provisions of Section 15 of the Lanham Act, 15 U.S.C. § 1065, and thus provides conclusive evidence of Unilever's exclusive right to use the mark in commerce in connection with the goods specified in the registration.

23.  In addition to Unilever's federal registrations, Unilever has substantial common law rights in and to its POPSICLE marks arising from over eighty years of use and the POPSICLE logo arising from nearly twenty years of use in the United States.

24.  Through use of the POPSICLE Marks, and because of widespread and favorable public acceptance and recognition, the POPSICLE Marks have become distinctive designations of the source of origin of Unilever's products. The POPSICLE Marks are assets of incalculable value as symbols of Unilever's products and the goodwill associated therewith.

25.  The substantial use and advertising throughout the United States of the POPSICLE mark since 1923 and the POPSICLE logo since 1988 have caused the POPSICLE Marks to be associated solely and exclusively in the minds of consumers with Unilever's products.

26.  Moreover, the substantial use and advertising of the POPSICLE Marks throughout the United States during this time have caused the marks to become famous.

## DEFENDANT'S USE OF CONFUSINGLY SIMILAR MARKS

27.  Upon information and belief, Defendant is using the POPSICLE mark and a logo design substantially similar to Unilever's famous POPSICLE logo in interstate commerce in connection with the sale of apparel. (An image of Unilever's registered mark appears on the left; the logo Defendant is using appears on the right.)

 

28. Upon information and belief, Defendant has registered and is using the popsicleshirts.com and popsicletees.com domain names.

29. Upon information and belief, Defendant markets, offers for sale and sells apparel on the popsicleshirts.com and popsicletees.com web sites using Unilever's federally registered POPSICLE mark and a logo substantially similar to Unilever's federally registered POPSICLE logo.

30. Upon information and belief, Defendant is also using Unilever's POPSICLE Marks on invoices and other documentation related to Defendant's marketing and sale of apparel.

31. After learning about Defendant's use of the POPSICLE Marks, Unilever sent a letter to Defendant demanding, among other things, that Defendant (a) discontinue all uses of the POPSICLE Marks; (b) destroy any materials or products that bear the POPSICLE Marks; and (c) transfer to Unilever the popsicletees.com domain name and any other domain name incorporating the POPSICLE trademark. Unilever has received no response to its demands.

32. Defendant's use of the POPSICLE Marks comes over 80 years after use of Unilever's POPSICLE mark began, nearly 20 years after Unilever's use of the POPSICLE logo began, and well after both of the POPSICLE Marks became famous.

33. Unilever has not consented to or authorized Defendant to use Unilever's famous, federally registered POPSICLE Marks.

34. Upon information and belief, Defendant is continuing to use the POPSICLE Marks despite actual knowledge of Unilever's substantial use of and exclusive rights to the POPSICLE Marks.

35. Defendant's use of the POPSICLE Marks is likely to cause confusion or mistake or deceive consumers into thinking that Defendant and its products are authorized by, or affiliated, connected or otherwise associated with Unilever.

36. As a result of Defendant's unlawful conduct complained of herein, Unilever has suffered and will continue to suffer irreparable injury to its famous POPSICLE Marks and to the goodwill and business reputation associated with Unilever's POPSICLE Marks.

37. As a result of Defendant's unlawful conduct complained of herein, Unilever has been financially damaged and will continue to be damaged financially.

38. As a consequence of Defendant's unlawful conduct, Defendant has also been unjustly enriched.

39. Defendant's unlawful conduct is and continues to be knowing, deliberate and willful.

## COUNT I

### FEDERAL SERVICE MARK INFRINGEMENT

40.     Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 39 of this Complaint.

41.     Defendant has, without the consent of Unilever, used in commerce trademarks that are identical and confusingly similar to Unilever's POPSICLE Marks in connection with the sale, offering for sale, distribution and/or advertising of goods and such use is likely to cause confusion or to cause mistake or to deceive.

42.     The aforesaid acts of Defendant constitutes trademark infringement in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

43.     The aforesaid acts of Defendant have been intentional, willful and in bad faith.

44.     Plaintiff has been and is likely to be damaged by Defendant's infringing and unlawful acts.

45.     The acts of Defendant complained of herein have caused and, unless enjoined by this Court, are likely to continue to cause Plaintiff to suffer irreparable harm.

46.     Plaintiff has no adequate remedy at law and is entitled to and seeks injunctive relief as a result thereof pursuant to 15 U.S.C. § 1116.

## COUNT II

### FEDERAL UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN

47.     Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 46 of this Complaint.

48.     The aforesaid acts of Defendant are likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendant or

Defendant's goods or commercial activities with Plaintiff or its goods or commercial activities, or as to the origin, sponsorship, or approval of Defendant's goods or commercial activities by Plaintiff.

49. The aforesaid acts of Defendant constitute false designation of origin and false and misleading descriptions and representations in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

50. The aforesaid acts of Defendant have been intentional, willful and in bad faith.

51. Plaintiff has been and is likely to be damaged by Defendant's infringing and unlawful acts.

52. The acts of Defendant complained of herein have caused and, unless enjoined by this Court, are likely to continue to cause Plaintiff to suffer irreparable harm.

53. Plaintiff has no adequate remedy at law and is entitled to and seeks injunctive relief as a result thereof pursuant to 15 U.S.C. § 1116.

## COUNT III

## **FEDERAL DILUTION**

54. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 53 of this Complaint.

55. Plaintiff's POPSICLE Marks are famous and entitled to protection from federal trademark dilution.

56. Defendant's use of the POPSICLE Marks began after Plaintiff's POPSICLE Marks became famous.

57. By blurring and/or tarnishing, the above acts of Defendant actually diluted, is likely to dilute, and impair the distinctiveness of Plaintiff's POPSICLE Marks, including

but not limited to, those marks identified above, in violation of section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

58. The aforesaid acts of Defendant have been intentional, willful and in bad faith.

59. Plaintiff has been and is likely to be damaged by Defendant's infringing and unlawful acts.

60. The acts of Defendant complained of herein have caused and, unless enjoined by this Court, are likely to continue to cause Plaintiff to suffer irreparable harm.

61. Plaintiff has no adequate remedy at law and is entitled to and seeks injunctive relief as a result thereof pursuant to 15 U.S.C. § 1116.

## COUNT IV

## VIOLATION OF THE ANTICYBERSQUATTING CONSUMER PROTECTION ACT

62. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 61 of this Complaint.

63. Defendant's registration and use of the popsicletees.com and popsicleshirts.com domain names and publication of the websites at those domain names as alleged hereinabove constitutes violation of the Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d).

64. In registering and using the popsicletees.com and popsicleshirst.com domain names, Defendant had and continues to have a bad faith intent to profit from the use of Plaintiff's distinctive and famous POPSICLE mark.

65. The popsicletees.com and popsicleshirts.com domain names are confusingly similar to Plaintiff's distinctive and famous POPSICLE mark.

12

66. Defendant's use and registration of the popsicletees.com and popsicleshirts.com domain names began after Plaintiff's POPSICLE mark became famous.

67. The popsicletees.com and popsicleshirts.com domain names dilute the distinctive quality of Plaintiff's distinctive and famous POPSICLE mark.

68. The aforesaid acts of Defendant have been intentional, willful and in bad faith.

69. Plaintiff has been and is likely to be damaged by Defendant's infringing and unlawful acts.

70. The acts of Defendant complained of herein have caused and, unless enjoined by this Court, are likely to continue to cause Plaintiff to suffer irreparable harm.

71. Plaintiff has no adequate remedy at law and is entitled to and seeks injunctive relief as a result thereof pursuant to 15 U.S.C. § 1116.

## COUNT V

### INJURY TO BUSINESS REPUTATION UNDER N.Y. GEN. BUS. L. § 360-l

72. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 71 of this Complaint.

73. Defendant's unauthorized use of the POPSICLE Marks in connection with the goods it provides has injured and continues to injure Plaintiff's business reputation, in violation of N.Y. Gen. Bus. L. § 360- l.

74. The aforesaid acts of Defendant have been intentional, willful and in bad faith.

75. Plaintiff has been and is likely to be damaged by Defendant's infringing and unlawful acts.

76. The acts of Defendant complained of herein have caused and, unless enjoined by this Court, are likely to continue to cause Plaintiff to suffer irreparable harm.

77. Plaintiff has no adequate remedy at law and is entitled to and seeks injunctive relief.

## COUNT VI

### DILUTION UNDER N.Y. GEN. BUS. L. § 360-l

78. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 77 of this Complaint.

79. Plaintiff's POPSICLE Marks are famous and entitled to protection from trademark dilution.

80. Defendant's use of the POPSICLE Marks began after Plaintiff's POPSICLE Marks became famous.

81. The above acts of Defendant have diluted the distinctive quality of Plaintiff's POPSICLE Marks in violation of N.Y. Gen. Bus. L. § 360-l.

82. The aforesaid acts of Defendant have been intentional, willful and in bad faith.

83. Plaintiff has been and is likely to be damaged by Defendant's infringing and unlawful acts.

84. The acts of Defendant complained of herein have caused and, unless enjoined by this Court, are likely to continue to cause Plaintiff to suffer irreparable harm.

85. Plaintiff has no adequate remedy at law and is entitled to and seeks injunctive relief.

## COUNT VII

### DECEPTIVE TRADE PRACTICES UNDER N.Y. GEN. BUS. L. § 349

86. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 85 of this Complaint.

87. Defendant's unauthorized use of the POPSICLE Marks in connection with the goods it provides is deceptive and misleading and is likely to damage the public.

88. The aforesaid acts of Defendant have been intentional, willful and in bad faith.

89. Plaintiff has been and is likely to be damaged by Defendant's infringing and unlawful acts.

90. The acts of Defendant complained of herein have caused and, unless enjoined by this Court, are likely to continue to cause Plaintiff to suffer irreparable harm.

91. Plaintiff has no adequate remedy at law and is entitled to and seeks injunctive relief.

## COUNT VIII

## COMMON LAW TRADEMARK INFRINGEMENT

92. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 91 of this Complaint.

93. The aforesaid acts of Defendant constitute trademark infringement in violation of common law.

94. The aforesaid acts of Defendant have been intentional, willful and in bad faith.

95. Plaintiff has been and is likely to be damaged by Defendant's infringing and unlawful acts.

96. The acts of Defendant complained of herein have caused and, unless enjoined by this Court, are likely to continue to cause Plaintiff to suffer irreparable harm.

97. Plaintiff has no adequate remedy at law and is entitled to and seeks injunctive relief as a result thereof.

## COUNT IX

## **COMMON LAW UNFAIR COMPETITION**

98. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 97 of this Complaint.

99. The aforesaid acts of Defendant constitute unfair competition in violation of common law.

100. The aforesaid acts of Defendant have been intentional, willful and in bad faith.

101. Plaintiff has been and is likely to be damaged by Defendant's infringing and unlawful acts.

102. The acts of Defendant complained of herein have caused and, unless enjoined by this Court, are likely to continue to cause Plaintiff to suffer irreparable harm.

103. Plaintiff has no adequate remedy at law and is entitled to and seeks injunctive relief as a result thereof.

WHEREFORE, Plaintiff requests that the Court enter a final judgment against Defendant as follows:

    a.    preliminarily and permanently enjoining and restraining Defendant Joshua Steenmeyer, his successors, agents and employees, and anyone acting in active concert or participation with or at the behest or direction of any of them, from using Unilever's POPSICLE Marks, the POPSICLESHIRTS and POPSICLETEES designations, and any other designation that is comprised of or incorporates POPSICLE, any colorable imitation thereof, or any otherwise confusingly similar mark;

  b. ordering that all labels, packaging, wrappers, signs, prints, banners, posters, brochures, or other advertising, marketing, or other promotional materials bearing Unilever's POPSICLE Marks, the POPSICLESHIRTS and POPSICLETEES designations, and any other designation that is comprised of or incorporates POPSICLE, any colorable imitation thereof, or any otherwise confusingly similar mark, be destroyed, and that all Internet web sites, online advertising, marketing, promotions or other online materials bearing these marks be removed permanently;

  c. ordering Defendant to file with the Court and serve on Unilever's counsel within 30 days after service of the injunction, a written report, sworn under oath, setting forth in detail the manner and form in which Defendant has complied with the injunction;

  d. declaring that Unilever's POPSICLE Marks are famous and that Defendant's unauthorized use of the POPSICLE Marks and the POPSICLESHIRTS and POPSICLETEES designations infringe and dilute Unilever's POPSICLE Marks;

  e. declaring that Defendant's infringement and dilution was knowing, intentional, and willful;

  f. awarding Plaintiff compensation for any all damages, injury or harm incurred as a result of Defendant's unlawful conduct;

  g. ordering full restitution and/or disgorgement of all profits and benefits that may have been obtained by Defendant as a result of their wrongful conduct;

  h. awarding Plaintiff treble damages resulting from Defendant's willful and intentional conduct;

  i. awarding Plaintiff punitive and exemplary damages;

      j.      assessing Plaintiff's costs of this action and Plaintiff's attorneys' fees against Defendant; and,

      k.      ordering or awarding any other such relief the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby makes demand for a trial by jury on all issues triable to a jury.

Respectfully submitted,

Dated: May 9, 2007      By: _____
/s/ Kevin Fee (JF-5316)
MORGAN, LEWIS, & BOCKIUS LLP
1111 Pennsylvania Avenue
Washington, DC 20004
Phone: 202-739-3000

Counsel for Plaintiff
Unilever Supply Chain, Inc.