IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNILEVER SUPPLY CHAIN, INC.<br>1 John Street<br>Clinton, Connecticut 06413,<br><br>            Plaintiff,<br><br>v.<br><br>JOSHUA W. STEENMEYER d/b/a<br>PopsicleShirts.com, Inc.<br>6001 Shining Light Avenue<br>Las Vegas, NV 89139,<br><br>            Defendant. | CASE NO. 1:07-cv-03705 (NRB)<br><br>JURY TRIAL DEMANDED |

### REPLY DECLARATION OF J. KEVIN FEE IN SUPPORT OF PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER

I, J. Kevin Fee, declare under penalty of perjury as follows:

1. I am a partner at Morgan, Lewis & Bockius LLP and am counsel for Unilever Supply Chain, Inc. in the above-captioned case.

2. In his June 10, 2007 submission to the Court entitled "Re: Order to Show Cause for Preliminary Injunction and Temporary Restraining Order," Defendant Joshua Steenmeyer's requested that the Court lift the temporary restraining order entered by this Court on June 1, 2007.

3. As a basis for this request, Defendant Joshua Steenmeyer asserted that Unilever and its counsel misled the Domain Name Registrar regarding the scope of the Temporary Restraining Order entered by this Court on June 1, 2007, and that as a result, caused GoDaddy.com to deny him access to the popsicletees.com and popsicleshirts.com domain names (the "Infringing Domain Names").

4. I make this declaration in support of Unilever Supply Chain, Inc.'s Motion for a Preliminary Injunction and in response to Defendant Joshua Steenmeyer's June 10, 2007 request that the Court lift the Temporary Restraining Order.

5. On June 1, 2007, this Court entered a Temporary Restraining Order, ordering that, among other things, Defendant Steenmeyer "shall not transfer, assign or otherwise alter his ownership of, or the contact information for, the domain names popsicleshirts.com or popsicletees.com, and Defendant shall not register or cause others to register any other domain names containing the words 'popsicle,' 'sicle,' or any misspelling or colorable imitations thereof." (A copy of this Temporary Restraining Order signed by the Court is attached as Exhibit A.)

6. On the evening of Friday, June 1, 2007, after the Court had entered the Temporary Restraining Order, I spoke to Christine N. Jones, the General Counsel of The Go Daddy Group, Inc. ("Go Daddy"). I asked Ms. Jones where I should send a copy of the Temporary Restraining Order, and she instructed me to fax a copy of the Temporary Restraining Order to 480.624.2546.

7. On June 2, 2007, I faxed a copy of the Temporary Restraining Order to Go Daddy at 480.624.2546. (A copy of this fax and my cover letter to Go Daddy are attached as Exhibit B.)

8. On June 4, 2007, I received a voice mail from Laurie Anderson at Go Daddy and an e-mail from domaindisputes@godaddy.com requesting a time-stamped copy of the Temporary Restraining Order. (A copy of this e-mail is attached as Exhibit C.)

9. On June 4, 2007, I sent a time-stamped copy of the Temporary Restraining Order to domaindisputes@godaddy.com. (A copy of this e-mail and the attachment are attached as Exhibit D.)

1-WA/2774669.1

10. On June 5, 2007, I received an e-mail from domaindisputes@godaddy.com advising me that the Infringing Domain Names at issue had been placed on "Registrar-Lock" by Go Daddy. (A copy of this e-mail and the attachment are attached as Exhibit E.)

11. Other than the communications identified above, I did not have any communications with Go Daddy. At no time did Unilever or its counsel mislead Go Daddy regarding the terms or the scope of the Temporary Restraining Order entered by this Court in the above-captioned matter.

12. A copy of Go Daddy's "Universal Terms of Service for Go Daddy Software and Services" (the "Terms of Service") is attached as Exhibit F. The Terms of Service provide that "[i]f Go Daddy concludes that the [trademark owner] has raised a legitimate trademark claim, it may, at its sole discretion and without any legal obligation to do so, prevent the name containing the Mark from being listed." Since Unilever and its counsel only requested that Go Daddy take steps necessary to prevent Mr. Steenmeyer from transferring or otherwise altering the registration information for the domain names, it appears as though Go Daddy concluded that Unilever has raised a legitimate trademark claim and decided in its sole discretion to prevent the Infringing Domain Names from being listed.

I declare under penalty of perjury that to the best of my knowledge, the foregoing information and attached documents are true and correct.

_____
J. Kevin Fee