IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

UNILEVER SUPPLY CHAIN, INC.
1 John Street
Clinton, Connecticut 06413,

        Plaintiff,

    v.

JOSHUA W. STEENMEYER d/b/a
PopsicleShirts.com, Inc.
6001 Shining Light Avenue
Las Vegas, NV 89139,

        Defendant.

CASE NO. 1:07-cv-03705 (NRB)



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/1/07

**ORDER TO SHOW CAUSE FOR PRELIMINARY INJUNCTION
AND TEMPORARY RESTRAINING ORDER**

    Upon the Complaint filed herein, the accompanying declarations of Julio Del Cioppo and J. Kevin Fee, and the accompanying Memorandum of Law; and after notice to Defendant, the Court finds:

    1.    Plaintiff will suffer irreparable harm and loss if Defendant is permitted to use the domain names popsicleshirts.com and popsicletees.com for pornographic websites and/or directing these domain names to the fuckoffshirts.com domain name or any other website that is not associated with or controlled by Plaintiff;

    2.    Plaintiff does not have an adequate remedy at law;

    3.    Defendant will not suffer any harm if it is temporarily restrained from using the domain names popsicleshirts.com and popsicletees.com for pornographic websites and/or

directing these domain names to the fuckoffshirts.com domain name or any other website that is not associated with or controlled by Plaintiff;

4. Plaintiff is likely to succeed on its claims for trademark infringement, dilution, and violation of the Anticybersquatting Consumer Protection Act;

5. The public interest will be served by the issuance of a temporary restraining order in this case; and

6. Defendant has received actual notice of Plaintiff's intent to proceed with this action, the filing of Plaintiff's Motion for a Temporary Restraining Order and Preliminary Injunction, and of the scheduling of a hearing on the same.

Therefore, it is hereby

ORDERED that the above named Defendant show cause at a hearing before this Court, at Room 21A, United States Courthouse, 500 Pearl Street, in the City, County and State of New York, on June 20, 2007, at 11:30 o'clock, or as soon thereafter as counsel may be heard, why an order should not be issued pursuant to Rule 65 of the Federal Rules of Civil procedure preliminarily enjoining Defendant during the pendency of this action from using the domain names popsicleshirts.com and popsicletees.com for pornographic websites and/or directing these domain names to the fuckoffshirts.com domain name or any other website that is not associated with or controlled by Plaintiff; and it is further

ORDERED that sufficient reason having been shown therefor, pending a decision on Plaintiff's motion for a preliminary injunction, pursuant to Rule 65, Fed. R. Civ. P., the Defendant and his agents, servants, employees, directors, officers and representatives, and all other persons or entities acting by or through or in concert or participation with Defendant, are temporarily restrained and enjoined from using the domain names popsicleshirts.com and

popsicletees.com for pornographic websites and/or directing these domain names to the fuckoffshirts.com domain name or any other website that is not associated with or controlled by Plaintiff;

ORDERED that Defendant shall not taken any further steps to transfer, assign or otherwise alter his ownership of, *NRB* or the contact information for, the domain names popsicleshirts.com or popsicletees.com;

ORDERED that Defendant, his agents, servants, employees, directors, officers and representatives, and all other persons or entities acting by or through or in concert or participation with Defendant, shall not register or cause others to register any other domain names containing the words "popsicle," "sicle," or any misspelling or any other Unilever trademark, any colorable imitations thereof, or any otherwise confusingly similar mark; and it is further

ORDERED that Defendant, his agents, servants, employees, directors, officers and representatives, and all other persons or entities acting by or through or in concert or participation with Defendant, shall not use the POPSICLE mark, the POPSICLE THE ORIGINAL BRAND logo, the POPSICLESHIRTS and POPSICLETEES designations, or any other designation that is comprised of or incorporates POPSICLE or any other Unilever trademark, any colorable imitation thereof, or any otherwise confusingly similar mark. *NLRB*

ORDERED that security in the amount of $ 5000 ⁰⁰/₁₀₀ be posted by Plaintiff no later than 5:00 p.m. EDT on June 6, 2007; and it is further

ORDERED that a copy of this Order, the affidavits of Julio Del Cioppo and J. Kevin Fee, and the accompanying Memorandum of Law submitted together therewith shall be served on Defendant by e-mail no later than 3:00 p.m. EDT on June 1, 2007, and such service shall be deemed good and sufficient service thereof; and it is further

ORDERED that any papers in opposition to this Order to Show Cause shall be served on Plaintiff's counsel by e-mail no later than 4:00 p.m. EDT on June 11, 2007; and that Plaintiff's reply papers, if any, shall be served by e-mail no later than 3:00 p.m. EDT on June 15, 2007.

DATED: New York, New York
June 1, 2007

_____
United States District Judge

1-WA/2768214.1

4