IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNILEVER SUPPLY CHAIN, INC.<br>1 John Street<br>Clinton, Connecticut  06413,<br><br>   Plaintiff,<br><br>  v.<br><br>JOSHUA W. STEENMEYER d/b/a<br>PopsicleShirts.com, Inc.<br>6001 Shining Light Avenue<br>Las Vegas, Nevada  89139,<br><br>   Defendant. | CASE NO. 1:07-cv-03705 (NRB)<br><br>JURY TRIAL DEMANDED |

**NOTICE TO PRO SE LITIGANT WHO OPPOSES
A MOTION FOR SUMMARY JUDGMENT**

  The Plaintiff in this case has moved for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure.  This means that the Plaintiff has asked the court to decide this case without a trial, based on written materials, including affidavits, submitted in support of the motion.  THE CAUSES OF ACTION PLAINTIFF HAS ASSERTED IN ITS COMPLAINT MAY BE DECIDED IN PLAINTIFF'S FAVOR WITHOUT A TRIAL IF YOU DO NOT RESPOND TO THIS MOTION by filing sworn affidavits and other papers as required by Rule 56(e) of the Federal Rules of Civil Procedure and by Local Civil Rule 56.1.

  An affidavit is a sworn statement of fact based on personal knowledge that would be admissible in evidence at trial.  The full text of Rule 56 of the Federal Rules of Civil Procedure and Local Civil Rule 56.1 is attached.

In short, Rule 56 provides that you may NOT oppose summary judgment simply by denying the allegations in the complaint. Rather, you must submit evidence, such as witness statements or documents, countering the facts asserted by the Plaintiff and raising material issues of fact for trial. Any witness statements must be in the form of affidavits. You may submit your own affidavit and/or the affidavits of others. You may submit affidavits that were prepared specifically in response to Plaintiff's motion for summary judgment.

If you do not respond to the motion for summary judgment on time with affidavits or documentary evidence contradicting the material facts asserted by the Plaintiff, the court may accept Plaintiff's factual assertions as true. Judgment may then be entered in Plaintiff's favor without a trial.

If you have any questions, you may direct them to the Pro Se Office.

                                                Respectfully submitted,

Dated:  August 22, 2007      By:   /s/  J. Kevin Fee
                                                J. Kevin Fee (JF-5316)
                                                MORGAN, LEWIS, & BOCKIUS LLP
                                                1111 Pennsylvania Avenue
                                                Washington, DC  20004
                                                Phone:  202-739-3000

                                                Counsel for Plaintiff
                                                Unilever Supply Chain, Inc.

LEXSTAT USCS FED RULES CIV PROC R 56

UNITED STATES CODE SERVICE
Copyright © 2007 Matthew Bender & Company, Inc.,
one of the LEXIS Publishing (TM) companies
All rights reserved

\*\*\* CURRENT THROUGH CHANGES RECEIVED JUNE, 2007 \*\*\*

FEDERAL RULES OF CIVIL PROCEDURE
VII. JUDGMENT

**Go to the United States Code Service Archive Directory**

USCS Fed Rules Civ Proc R 56

Review Court Orders which may amend this Rule.
Review expert commentary from The National Institute for Trial Advocacy


Rule 56. Summary Judgment [Caution: For amendment effective December 1, 2007, see prospective amendment note below.]

(a) For Claimant.  A party seeking to recover upon a claim, counterclaim, or cross-claim or to obtain a declaratory judgment may, at any time after the expiration of 20 days from the commencement of the action or after service of a motion for summary judgment by the adverse party, move with or without supporting affidavits for a summary judgment in the party's favor upon all or any part thereof.

(b) For Defending Party.  A party against whom a claim, counterclaim, or cross-claim is asserted or a declaratory judgment is sought may, at any time, move with or without supporting affidavits for a summary judgment in the party's favor as to all or any part thereof.

(c) Motion and Proceedings Thereon.  The motion shall be served at least 10 days before the time fixed for the hearing. The adverse party prior to the day of hearing may serve opposing affidavits. The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages.

(d) Case Not Fully Adjudicated on Motion.  If on motion under this rule judgment is not rendered upon the whole case or for all the relief asked and a trial is necessary, the court

at the hearing of the motion, by examining the pleadings and the evidence before it and by interrogating counsel, shall if practicable ascertain what material facts exist without substantial controversy and what material facts are actually and in good faith controverted. It shall thereupon make an order specifying the facts that appear without substantial controversy, including the extent to which the amount of damages or other relief is not in controversy, and directing such further proceedings in the action as are just. Upon the trial of the action the facts so specified shall be deemed established, and the trial shall be conducted accordingly.

(e) Form of Affidavits; Further Testimony; Defense Required.  Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits. When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

(f) When Affidavits are Unavailable.  Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

(g) Affidavits Made in Bad Faith.  Should it appear to the satisfaction of the court at any time that any of the affidavits presented pursuant to this rule are presented in bad faith or solely for the purpose of delay, the court shall forthwith order the party employing them to pay to the other party the amount of the reasonable expenses which the filing of the affidavits caused the other party to incur, including reasonable attorney's fees, and any offending party or attorney may be adjudged guilty of contempt.

**HISTORY:**
  (Amended March 19, 1948; July 1, 1963; Aug. 1, 1987.)
  (As amended Dec. 1, 2007.)

# Local Rules of the
# United States District Courts for the
# Southern and Eastern Districts of New York

Effective April 15, 1997

Includes Amendments
through May 25, 2007

(a) **By the Clerk.** Upon issuance of a clerk's certificate of default, if the claim to which no response has been made only sought payment of a sum certain, and does not include a request for attorney's fees or other substantive relief, and if a default judgment is sought against all remaining parties to the action, the moving party may request the clerk to enter a default judgment, by submitting an affidavit showing the principal amount due and owing, not exceeding the amount sought in the claim to which no response has been made, plus interest, if any, computed by the party, with credit for all payments received to date clearly set forth, and costs, if any, pursuant to 28 U.S.C. § 1920.

(b) **By the Court.** In all other cases the party seeking a judgment by default shall apply to the court as described in Federal Rule of Civil Procedure 55(b)(2), and shall append to the application (1) the clerk's certificate of default, (2) a copy of the claim to which no response has been made, and (3) a proposed form of default judgment.

[Source: Former Local Civil Rule 10]

**Local Civil Rule 56.1. Statements of Material Facts on Motion for Summary Judgment**

(a) Upon any motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, there shall be annexed to the notice of motion a separate, short and concise statement, *in numbered paragraphs*, of the material facts as to which the moving party contends there is no genuine issue to be tried. Failure to submit such a statement may constitute grounds for denial of the motion.

(b) The papers opposing a motion for summary judgment shall include *a correspondingly numbered paragraph responding to each numbered paragraph in the statement of the moving*

*party, and if necessary, additional paragraphs containing* a separate, short and concise statement of *additional* material facts as to which it is contended that there exists a genuine issue to be tried.

(c) *Each numbered paragraph in the statement of* material facts set forth in the statement required to be served by the moving party will be deemed to be admitted *for purposes of the motion* unless *specifically* controverted by *a correspondingly numbered paragraph in* the statement required to be served by the opposing party.

(d) Each statement *by the movant or opponent pursuant to Rule 56.1(a) and (b), including each statement controverting any statement of material fact*, must be followed by citation to evidence which would be admissible, set forth as required by Federal Rule of Civil Procedure 56(e).

[Adopted March 25, 2004]

**Local Civil Rule 56.2. Notice to Pro Se Litigant Who Opposes a Summary Judgment**

Any represented party moving for summary judgment against a party proceeding *pro se* shall serve and file as a separate document, together with the papers in support of the motion, a "Notice To Pro Se Litigant Who Opposes a Motion For Summary Judgment" in the form indicated below. Where the pro se party is not the plaintiff, the movant shall amend the form notice as necessary to reflect that fact.

**Notice To Pro Se Litigant Who Opposes a Motion For Summary Judgment**

The defendant in this case has moved for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. This means that the defendant has asked the court to decide this case without a trial, based on written materials, including affidavits, submitted in support of the

motion. THE CLAIMS YOU ASSERT IN YOUR COMPLAINT MAY BE DISMISSED WITHOUT A TRIAL IF YOU DO NOT RESPOND TO THIS MOTION by filing sworn affidavits and other papers as required by Rule 56(e) of the Federal Rules of Civil Procedure and by Local Civil Rule 56.1. An affidavit is a sworn statement of fact based on personal knowledge that would be admissible in evidence at trial. The full text of Rule 56 of the Federal Rules of Civil Procedure and Local Civil Rule 56.1 is attached.

In short, Rule 56 provides that you may NOT oppose summary judgment simply by relying upon the allegations in your complaint. Rather, you must submit evidence, such as witness statements or documents, countering the facts asserted by the defendant and raising material issues of fact for trial. Any witness statements must be in the form of affidavits. You may submit your own affidavit and/or the affidavits of others. You may submit affidavits that were prepared specifically in response to defendant's motion for summary judgment.

If you do not respond to the motion for summary judgment on time with affidavits or documentary evidence contradicting the material facts asserted by the defendant, the court may accept defendant's factual assertions as true. Judgment may then be entered in defendant's favor without a trial.

If you have any questions, you may direct them to the Pro Se Office.

**Local Civil Rule 58.1. Remand by an Appellate Court**

Any order or judgment of an appellate court, when filed in the office of the clerk of the district court, shall automatically become the order or judgment of the district court and be entered as such by the clerk without further order, except if such order or judgment of the appellate court

## **CERTIFICATE OF SERVICE**

I certify that a true and accurate copy of the foregoing Notice to Pro Se Litigant Who Opposes a Motion for Summary Judgment was served on Defendant Joshua W. Steenmeyer this 22nd day of August, 2007 via e-mail at joshua@joshuanet.ws and josh@joshuanet.ws and by first class mail, postage prepaid to:

> Joshua W. Steenmeyer
> 6001 Shining Light Avenue
> Las Vegas, Nevada  89139

/s/  J. Kevin Fee

1-WA/2793333.1