IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNILEVER SUPPLY CHAIN, INC.<br>1 John Street<br>Clinton, Connecticut  06413,<br><br>           Plaintiff,<br><br>     v.<br><br>JOSHUA W. STEENMEYER d/b/a<br>PopsicleShirts.com, Inc.<br>6001 Shining Light Avenue<br>Las Vegas, Nevada  89139,<br><br>           Defendant. | CASE NO. 1:07-cv-03705 (NRB)<br><br>JURY TRIAL DEMANDED |

## PLAINTIFF UNILEVER SUPPLY CHAIN, INC.'S SUMMARY
## OF SUBSTANTIVE ARGUMENTS AS REQUIRED BY THE INDIVIDUAL
## PRACTICES OF JUDGE BUCHWALD, RULE 2(D)

Pursuant to Rule 56 of the Federal Rules of Civil Procedure and the Local Rules for the United States District Court for the Southern District of New York, Plaintiff Unilever Supply Chain, Inc. requests that the Court enter summary judgment on all of the claims asserted in the Complaint against Defendant Joshua W. Steenmeyer d/b/a PopsicleShirts.com, Inc.

Defendant misappropriated Unilever's famous, federally registered trademark POPSICLE by using it in two Internet domain names, popsicleshirts.com and popsicletees.com.  On these websites, Defendant used Unilever's famous POPSICLE® mark and a logo design substantially similar to Unilever's famous POPSICLE THE ORIGINAL BRAND® logo in interstate commerce in connection with the sale of apparel.

As evidenced by Unilever's Statement of Undisputed Material Facts and the Memorandum in Support, there is no genuine issue of material fact at issue, and Defendant's

registration of the Infringing Domain Names and use of the POPSICLE mark and a logo substantially similar to Unilever's POPSICLE THE ORIGINAL BRAND logo constitute trademark infringement, false designation of origin, dilution, unfair competition, and cybersquatting under the laws of the United States and the State of New York and the common law.  Unilever is therefore entitled to summary judgment on each of its claims in the Complaint.

<u>Trademark Infringement and Unfair Competition Claims</u>:  The indisputable evidence demonstrates that (1) Unilever owns valid trademark rights in the POPSICLE Marks that predate any use that Defendant can claim and (2) a balancing of the eight non-exclusive likelihood of confusion factors leads to the inevitable conclusion that Defendant's use of the POPSICLE mark is likely to cause consumer confusion with Unilever's famous POPSICLE Marks in violation of federal and state unfair competition and trademark infringement laws and under the common law.

<u>Dilution Claims</u>:  Unilever's POPSICLE Marks are famous and became famous before any use of the POPSICLE mark by Defendant.  Defendant has made substantial use of the POPSICLE mark on the popsicleshirts.com, popsicletees.com, and fuckoffunilever.info websites.  This use is likely to dilute, and has resulted in the dilution of, Unilever's famous POPSICLE Marks by blurring.  Moreover, Defendant's threatened use of the popsicleshirts.com and popsicletees.com domain names for pornographic sites or in connection with his fuckoffshirts.com site presents an extreme example of the threat of dilution by tarnishment.

<u>Cybersqautting Claim</u>:  Unilever's POPSICLE Marks are distinctive and famous, and Defendant has registered and used domains names that are confusingly similar to and dilutive of Unilever's POPSICLE Marks.  In registering its popsicleshirts.com and popsicletees.com domain

names, Defendant had a bad-faith intent to profit from the extensive goodwill associated with Unilever's POPSICLE Marks, in violation of the Anticybersquatting Consumer Protection Act.

For the foregoing reasons summarized above and detailed in Plaintiff's Motion for Summary Judgment and supporting documents, Plaintiff respectfully submits that its Motion for Summary Judgment should be granted.

Respectfully submitted,

Dated:  August 22, 2007       By:    /s/  J. Kevin Fee
                                     J. Kevin Fee (JF-5316)
                                     MORGAN, LEWIS, & BOCKIUS LLP
                                     1111 Pennsylvania Avenue
                                     Washington, DC  20004
                                     Phone:  202-739-3000

                                     Counsel for Plaintiff
                                     Unilever Supply Chain, Inc.

## CERTIFICATE OF SERVICE

I certify that a true and accurate copy of the foregoing Plaintiff Unilever Supply Chain, Inc.'s Summary Of Substantive Arguments As Required By The Individual Practices Of Judge Buchwald, Rule 2(D) was served on Defendant Joshua W. Steenmeyer this 22nd day of August, 2007 via e-mail at joshua@joshuanet.ws and josh@joshuanet.ws and by first-class mail, postage prepaid to:

>Joshua W. Steenmeyer
>6001 Shining Light Avenue
>Las Vegas, Nevada  89139

>/s/  J. Kevin Fee