IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNILEVER SUPPLY CHAIN, INC.<br>1 John Street<br>Clinton, Connecticut 06413,<br><br>    Plaintiff,<br><br>  v.<br><br>JOSHUA W. STEENMEYER d/b/a<br>PopsicleShirts.com, Inc.<br>6001 Shining Light Avenue<br>Las Vegas, Nevada 89139,<br><br>    Defendant. | CASE NO. 1:07-cv-03705 (NRB)<br><br>JURY TRIAL DEMANDED |

**PLAINTIFF UNILEVER SUPPLY CHAIN, INC.'S MEMORANDUM
OF LAW IN OPPOSITION TO DEFENDANT JOSHUA W. STEENMEYER'S
SEPTEMBER 26, 2007 SUBMISSION TO THE COURT**

Plaintiff Unilever Supply Chain, Inc. ("Unilever"), by its attorneys, respectfully submits this Memorandum of Law in Opposition to Defendant's September 26, 2007 submission to the Court.

**INTRODUCTION**

On September 18, 2007, this Court issued an order granting Unilever's Motion for Summary Judgment on all of the claims in the Complaint (the "Summary Judgment Order") without opposition from Defendant. On September 26, 2007, Defendant filed a document entitled "Re: Plaintiff's Case." Based on the Court's September 24, 2007 letter advising Defendant that if he had a merit-based reason, he could move for reargument of the grant of Summary Judgment under Local Rule 6.3, Defendant's September 26 submission may be deemed a motion for reconsideration and/or reargument made pursuant to Federal Rules of Civil Procedure 59(e) and 60(b) and Local Rule 6.3, and Unilever responds accordingly.

As detailed below, Defendant has offered no basis to grant relief under the extraordinary remedies provided by Federal Rules 59(e) and 60(b). Accordingly, Unilever respectfully requests that the Court deny Defendant's reconsideration request.

## ARGUMENT

**A.    The Legal Standard**

In the Second Circuit, "the standard for granting [a motion for reconsideration] is strict, and reconsideration will generally be denied." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995), *see also In re Health Mgmt. Sys., Inc. Securities Litig.*, 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000) (recognizing that "reconsideration of a previous order is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources"). A motion for reconsideration is "not an appropriate vehicle for a party dissatisfied with a court's ruling to secure a rehearing on the merits with respect to issues already decided." *Krepps v. Reiner*, No. 05 Civ. 0107, 2006 U.S. Dist. LEXIS 22112, at *1–2 (S.D.N.Y. Apr. 20, 2006) (citations and internal quotation marks omitted); *see also Pannonia Farms, Inc. v. USA Cable,* 03 Civ. 7841, 2004 U.S. Dist. LEXIS 15737, at *4 (S.D.N.Y. Aug. 10, 2004) (stating that a motion for reconsideration is not a "'second bite at the apple' for a party dissatisfied with a court's ruling").

In the Southern District of New York, Rule 59(e) and 60(b) motions for reconsideration are governed by Local Rule 6.3. *See Ursa Minor Ltd. v. AON Fin. Prods., Inc.*, No. 00 Civ. 2474, 2000 U.S. Dist. LEXIS 12968, at 1 (S.D.N.Y. Sept. 8, 2000). Local Rule 6.3 provides that the motion shall "set[] forth concisely the matters or controlling decisions which counsel believes the court has overlooked." S.D.N.Y Local Rule 6.3. Because a motion for reconsideration or reargument "is predicated on the court having overlooked a controlling fact or

law, [a] party in its motion for reargument may not advance new facts, issues, or arguments not previously presented to the court." *Kara Holding Corp. v. Getty Petroleum Mktg., Inc.*, No. 99 Civ. 0275, 2005 U.S. Dist. LEXIS 257, at *4 (S.D.N.Y. Jan. 10, 2005) (citations and internal quotation marks omitted). In addition, a party moving for reconsideration must demonstrate that the controlling decisions or factual matters allegedly overlooked by the Court "if examined, might reasonably have led to a different result." *Pannonia Farms,* 2004 U.S. Dist. LEXIS 15737, at *4 (internal quotes omitted); *see also Eisemann v. Greene*, 204 F. 3d 393, 395 n.2 (2d Cir. 2000).

Alternatively, a motion for reconsideration also may be granted to correct a clear error, to prevent manifest injustice, or based on the availability of new evidence. *See Pannonia Farms*, 2004 U.S. Dist. LEXIS 15737, at *4 (*citing Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992)).

In his submission to the Court, Defendant makes no effort to connect his arguments with the governing legal standards, nor does he specify on what grounds he requests reconsideration. Instead, he merely cites generally to issues related to trademark infringement, dilution and parody. Defendant has not raised any new issues of material fact, nor has he provided any legal or factual matters that the Court overlooked or that "might reasonably be expected to alter" the Summary Judgment Order, *Davidson v. Scully*, 172 F. Supp. 2d 458, 461 (S.D.N.Y. 2001), nor has he demonstrated a need for reconsideration to avert "manifest injustice." *Virgin Atl. Airways*, 956 F.2d at 122. Similarly, Defendant has not "established the presence of 'extraordinary circumstances' or 'extreme and undue hardship' arising from any supposed error of the Court" as is required under Rule 60(b). *Pannonia Farms*, 2004 U.S. Dist. LEXIS 15737,

3

at *5 (*citing DeWeerth v. Baldinger*, 38 F.3d 1266, 1272 (2d Cir. 1994)). For these reasons, detailed below, reconsideration is not warranted.

**B.    Defendant Does Not Meet The Standards For Reconsideration Under Rule 59(e).**

   **1.    The Court Did Not Overlook Controlling Decisions or Factual Matters Put Before It on the Underlying Motion that Might Reasonably Have Led to a Different Result.**

A motion for reconsideration under Rule 59(e) should be granted "when a court overlooks 'controlling decisions or factual matters that were put before it on the underlying motion' and which, if examined, might reasonably have led to a different result." *Pannonia Farms*, 2004 U.S. Dist. LEXIS 15737, at *4 (S.D.N.Y. Aug. 10, 2004) (*quoting Eisemann*, 204 F. 3d at 395 n.2).

In finding for Unilever on its Motion for Summary Judgment, the Court correctly found that Defendant is infringing Unilever's POPSICLE trademarks (the "POPSICLE Marks"). Summ. J. Order at 1. In his September 26 submission, Defendant fails to cite any overlooked controlling authority warranting a different result. Defendant's submission appears to argue that his use of Unilever's POPSICLE Marks is not infringing because it constitutes a parody, citing to several cases and providing general statements on the standard for analyzing cases involving alleged parodies. Defendant goes on to argue that his website "necessarily adopts the basic format of the Popsicle label" but that the "similarities merely convey the message that the website is a parody [.]" Def.'s Submission at 2.

Defendant's invocation of a parody defense is without merit. As an initial matter, any supposedly "controlling decisions or factual matters" raised in Defendant's September 26, 2007 submission were not raised with the Court in connection with the underlying motion. Therefore,

reconsideration should be denied for this reason alone.  *See, e.g., Eisenmann*, 204 F.3d at 395 n.2.

Moreover, Defendant's argument could not have led to a different result.  Parody is not a defense, but merely another factor to be considered in a likelihood of confusion analysis.  *Elvis Presley Enters. v. Capece*, 141 F.3d 188, 199 (5th Cir. 1998); *see also Schieffelin & Co. v. Jack Co.*, 850 F. Supp. 232, 248 (S.D.N.Y. 1994) ("[T]he proper inquiry is whether the parody is strong enough to cast doubt on the overall likelihood of consumer confusion.").

In addition, Defendant's use of the POPSICLE Marks to sell tee-shirts is not a parody because it does not evoke the POPSICLE Marks in a way that humorously expresses Defendant's opinion.  *Abilene Music, Inc. v. Sony Music Entm't, Inc.*, 320 F. Supp. 2d 84, 90 (S.D.N.Y. 2003); *see also Bacardi & Co. v. New York Lighter Co.*, 2000 U.S. Dist. LEXIS 19852 (E.D.N.Y. 2000)  ("[A]lthough defendants intended to create a 'comedy version' of plaintiffs' Bacardi rum, the BACARBI Lighter makes no comment upon the BACARDI mark or rum label design and merely uses the protected mark and label design… to promote defendants' product.  This is not a permitted use of parody under applicable trademark law.")  Rather, Defendant unabashedly misappropriates Unilever's marks solely for his own commercial gain.

In support of his parody argument, Defendant cites *Cliffs Notes, Inc. v. Bantam Doubleday Dell Publ'g Group*, 886 F.2d 490, 494 (2d Cir. 1989), for the proposition that "the keystone of parody is imitation."  Defendant conveniently ignores the remainder of the cited paragraph, in which the court in *Cliffs Notes* went on to say:

> A parody must convey two simultaneous -- and contradictory -- messages:  that it is the original, but also that it is *not* the original and is instead a parody. To the extent that it does only the former but not the latter, it is not only a poor parody but also vulnerable under trademark law, since the customer will be confused.

1-WA/2841953.1

*Id.* Thus, "the cry of 'parody!' does not magically fend off otherwise legitimate claims of trademark infringement or dilution." *Elvis Presley Enters.*, 141 F.3d at 199.

A case with similar facts is *Harley-Davidson, Inc. v. Grottanelli*, 164 F.3d 806 (2d Cir. 1999), where the junior user, a motorcycle repair facility, used the HARLEY-DAVIDSON logo on signs and advertising, but argued that such use merely constituted a parody. The court found that use of the senior-users marks that suggest an association with the senior user, but makes no playful comment on the senior mark, does not give rise to a parody defense, stating: "[The junior user's] mark makes no comment on [the senior user's] mark; it simply uses it somewhat humorously to promote his own products and services, which is not a permitted trademark parody use." *Id*. at 813. As in *Harley-Davidson*, Defendant is using Unilever's POPSICLE Marks solely for the purpose of trading off of the goodwill associated with those marks for the purpose of selling tee-shirts, and Defendant cannot be saved by his belated "cry of parody."

Defendant also briefly mentions two other issues in his submission. First, he states that the homepage for his website www.popsicleshirts.com contains "a disclaimer disavowing all affiliation" with Unilever. Def.'s Submission at 3. However, the disclaimer, added only after Unilever sent Defendant a demand letter, does not dispel the likelihood of confusion. *See Harley-Davidson*, 164 F.3d at 813 ("[A]lthough in theory a *prominent* disclaimer of association with the prior user can reduce or eliminate confusion, the courts have ordinarily found the use of disclaimers insufficient to avoid liability for infringement."). Similarly, the court in *OBH, Inc. v. Spotlight Magazine, Inc.*, 86 F. Supp. 2d 176 (W.D.N.Y. 2000), found that a disclaimer is not sufficient to dispel confusion, especially when the infringement involves a domain name or website, stating:

> [D]efendant's appropriation of [a] plaintiff's mark as a domain name and home page address cannot adequately be remedied by a disclaimer. [A] defendant's

> domain name and home page address are external labels that, on their face, cause confusion among Internet users and may cause Internet users who seek plaintiff's web site to expend time and energy accessing defendant's web site.

*Id.* at 190 (*quoting Planned Parenthood Fed'n of Am., Inc. v. Bucci*, No. 97 Civ. 0629, 1997 U.S. Dist. LEXIS 3338, at *3 (S.D.N.Y. Mar. 24, 1997, *aff'd*, 152 F.3d 920 (2d Cir. 1998)).

Defendant also notes that the website fuckoffunilever.info is a "gripe site" and is thus "afforded certain protections." Def.'s Submission at 3. Unilever obviously disagrees with Defendant's comments on the fuckoffunilever.info website, however, this lawsuit does not challenge Defendant's right to publish his blog on the fuckoffunilever.info website. Instead, Unilever objects to Defendant's continued infringing and dilutive use of the POPSICLE and POPSICLESHIRTS.COM mark on Defendants' websites, including at fuckoffunilever.info, to advertise and sell apparel.

For the reasons above, the Court did not overlook controlling decisions or factual matters that were before it on the underlying motion and that might reasonably have led to a different result, so there is no basis for reconsidering the Summary Judgment Order.

    **2.**    **Defendant Did Not Put Forth Relevant New Evidence in His Submission Nor Has There Been Changes In Controlling Law To Warrant Reconsideration.**

The Declaration submitted by Defendant Steenmeyer on his own behalf is not "new evidence" justifying reconsideration. The two statements in the Declaration, which relate to the website disclaimer and server issues, are not material issues of fact for purposes of summary judgment. However, even if pertinent, "it is well settled that a Rule 59 motion may not be used to raise arguments or present evidence that could reasonably have been presented before the entry of judgment." *In re Health Mgmt. Sys., Sec. Litig.*, 113 F. Supp. 2d 613, 615 n.3 (S.D.N.Y. 2000) (*citing Medley v. Westpoint Stevens, Inc.*, 162 F.R.D. 697, 699 (M.D. Ala. 1995) ("overwhelmingly, courts hold that where a party attempts to introduce previously unsubmitted

evidence on a motion to reconsider, the court should not grant the motion absent some showing that the evidence was not available during pendency of the motion")). None of the limited purported facts described in the Steenmeyer Declaration are "new," nor do they constitute evidence that Defendant could not have obtained or submitted in an opposition to Unilever's Motion for Summary Judgment. Accordingly, to the extent Defendant requests reconsideration of the Summary Judgment Order, that request must be denied.

Defendant also does not direct this Court to any change in controlling law since the Summary Judgment Order was issued. Defendant may disagree with the Court's decision, but a disagreement with the Court is not a basis for reconsideration. *Krepps*, 2006 U.S. Dist. LEXIS 22112, at *1–2 (stating that a motion for reconsideration is "not an appropriate vehicle for a party dissatisfied with a court's ruling to secure a rehearing on the merits with respect to issues already decided"); *Pannonia Farms,* 2004 U.S. Dist. LEXIS 15737, at *4 (finding that a motion for reconsideration is not a "'second bite at the apple' for a party dissatisfied with a court's ruling").

### 3. There is No Clear Error or Manifest Injustice to Correct.

Defendant does not attempt to argue that the Court committed clear error, because none exists. Nor does Defendant demonstrate, or even argue, a need for reconsideration to avert manifest injustice. *See Soto v. Walter*, 2006 U.S. Dist. LEXIS 41985, 3-4 (N.D.N.Y. 2006) ("[A]ny litigant considering bringing a motion to reconsider based upon that ground should evaluate whether what may seem to be a clear error of law is in fact simply a point of disagreement between the Court and the litigant.").

**B.    Rule 60(b) Does Not Provide a Basis for the Court to Set Aside the Summary Judgment Order.**

Rule 60(b)(6) relief is "properly granted only upon a showing of extraordinary circumstances" or when the order "may work an extreme and undue hardship." *Pichardo v. Ashcroft*, 374 F.3d 46, 55 (2d Cir. 2004) (citations and internal quotation marks omitted).

> [T]he Second Circuit has cautioned that *Rule 60(b)* provides 'extraordinary judicial relief' to be granted 'only upon a showing of exceptional circumstances.' In evaluating a *Rule 60(b)* motion, the courts of this circuit also require that the evidence in support of the motion be highly convincing, that the movant show good cause for the failure to act sooner, and that no undue hardship be imposed on the other parties as a result.

*Briller v. Barnhart*, No. 04 Civ. 3649, 2006 U.S. Dist. LEXIS 1123, at *3 (S.D.N.Y. Jan. 16, 2006)) (citations omitted).  Defendant does not even attempt to meet these very strict standards.

To grant relief under Rule 60(b) "a court must find that (1) the circumstances of the case present grounds justifying relief and (2) the movant possesses a meritorious claim in the first instance." *Playboy Enters. Int'l v. On Line Entm't, Inc.*, 2004 U.S. Dist. LEXIS 5605, 27-28 (E.D.N.Y. 2004).  Defendant presented no arguments justifying relief and Defendant does not have a meritorious claim on the merits, as the Court correctly found in its Summary Judgment Order.  Therefore, to the extent Defendant's submission may be deemed a motion under Rule 60(b), Defendant's motion must be denied.

## **CONCLUSION**

Based on the foregoing, Unilever respectfully requests the Court to deny any request for relief contained in Defendant's September 26, 2007 submission to the Court.

Respectfully submitted,

Dated:  October 16, 2007         By:      /s/  J. Kevin Fee
                                          J. Kevin Fee (JF-5316)
                                          MORGAN, LEWIS & BOCKIUS LLP
                                          1111 Pennsylvania Avenue, N.W.
                                          Washington, D.C.  20004
                                          Phone:  202-739-3000

                                          Counsel for Plaintiff
                                          Unilever Supply Chain, Inc.

## **CERTIFICATE OF SERVICE**

I certify that a true and accurate copy of the foregoing Plaintiff Unilever Supply Chain, Inc.'s Memorandum of Law in Opposition to Defendant Joshua W. Steenmeyer's September 26, 2007 Submission To The Court was served on Defendant Joshua W. Steenmeyer this 16th day of October, 2007 via e-mail at joshua@joshuanet.ws and josh@joshuanet.ws and by first-class mail, postage prepaid to:

> Joshua W. Steenmeyer
> 6001 Shining Light Avenue
> Las Vegas, Nevada  89139

/s/  J. Kevin Fee