```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
UNILEVER SUPPLY CHAIN, INC.,

                    Plaintiff,

        - against -                         MEMORANDUM AND ORDER

JOSHUA W. STEENMEYER d/b/a                  07 Civ. 3705 (NRB)
PopsicleShirts.com,

                    Defendant.
------------------------------------X
```

**NAOMI REICE BUCHWALD**
**UNITED STATES DISTRICT JUDGE**

On September 24, 2007,[1] in response to Mr. Steenmeyer's objections to this Court's Summary Judgment Order dated September 18, 2007 ("September 18, 2007 Order"), we granted Mr. Steenmeyer permission to move to reargue that Order.[2]

---

[1] On September 24, 2007 this Court wrote a letter to Mr. Steenmeyer informing him that if he had a merit-based reason, he could move to reargue our order under Local Rule 6.3.

[2] Among other issues, Mr. Steenmeyer continues to complain that he did not have an opportunity to contest this Court's September 18, 2007 Order. This is simply not the case. We issued a preliminary injunction against Mr. Steenmeyer on June 20, 2007, and on July 12, 2007, we set a briefing schedule whereby dispositive motions were due "no later than November 12, 2007." Plaintiff moved for summary judgment on August 22, 2007, and fully complied with the additional notice provisions required by Local Rule 56.2 when a party moves for summary judgment against a pro se litigant. Along with the motion for summary judgment, plaintiff sent to Mr. Steenmeyer a "Notice to Pro Se Litigant Who Opposes A Motion for Summary Judgment." The notice warned Mr. Steenmeyer, in all capital letters: "THE CAUSE OF ACTION PLAINTIFF ASSERTED IN ITS COMPLAINT MAY BE DECIDED IN PLAINTIFF'S FAVOR WITHOUT A TRIAL IF YOU DO NOT RESPOND TO THIS MOTION."
   Under the Local Rules, after plaintiff moved for summary judgment, Mr. Steenmeyer had ten (10) business days to respond to plaintiff's motion. After having received no response from Steenmeyer within nineteen (19) business days, this Court reviewed plaintiff's submission and on the strength of the arguments therein, granted summary judgment.

On September 26, 2007, Mr. Steenmeyer submitted a document entitled "Re: Plaintiff's Case." This Court has construed this submission as a motion for reconsideration or reargument, pursuant to Federal Rule of Civil Procedure 59(e) and 60(b), and Local Rule 6.3. See Ursa Minor Ltd. v. AON Fin. Prods., Inc., No. 00 Civ. 2474, 2000 U.S. Dist. LEXIS 12968, at 1 (S.D.N.Y., Sept. 8, 2000).

Mr. Steenmeyer's submission, apart from general references to trademark law, defends his use of logos that are remarkably similar to those of plaintiff's federally registered trademarks on the ground that his use was a parody, and therefore there was no risk of consumer confusion or dilution.

This Court is not persuaded that Mr. Steenmeyer's copying of plaintiff's trademarks for the purpose of the commercial sale of t-shirts constitutes a parody. Cliffs Notes, Inc v. Bantam Doubleday Dell Publ'g Group, 886 F.2d 490, 494 (2d Cir. 1989)("A parody must convey two simultaneous - and contradictory - messages: that it is the original, but also that it is not the original and is instead a parody. To the extent that it does only the former but not the latter, it is not only a poor parody but also vulnerable under trademark law, since the customer will be confused."); see also Abilene Music, Inc. v. Sony Music Entm't Inc., 320 F.Supp.2d 84, 89-91 (S.D.N.Y. 2003)("The heart

of any parody is its evocation of the message or style of the original work in order to alter that message or style in a way that humorously expresses the author's opinion of the original work.").

Mr. Steenmeyer's submission, therefore, does not entitle him to reconsideration of our September 18, 2007 Order. See Pannonia Farms, Inc. v. USA Cable, 03 Civ. 7841, 2004 U.S. Dist. LEXIS 15737 (S.D.N.Y. Aug. 10, 2004).

Accordingly, our September 18, 2007 Order stands. A final Judgment Order granting a permanent injunction in favor of plaintiff prohibiting the use by defendant of plaintiff's federally registered trademarks will be entered.[3]


Dated:   New York, New York
         November 8, 2007


*[signature]*

NAOMI REICE BUCHWALD
UNITED STATES DISTRICT JUDGE

---

[3] We note that the final Judgment Order, as proposed by plaintiff, is purely injunctive. Moreover, the Order only applies to trademarks which Mr. Steenmeyer claims he has already stopped using. The Final Judgment Order also directs Mr. Steenmeyer to make a sworn, written report to the Court and plaintiff's counsel within thirty (30) days setting forth the manner and form in which he has complied with the Order.

-3-

Copies of the foregoing have been mailed on this date to the following:

Counsel for Plaintiff

J. Kevin Fee, Esq.
Morgan, Lewis & Bockius LLP
1111 Pennsylvania Avenue
Washington, DC 20004

Defendant

Joshua W. Steenmeyer
6001 Shining Light Avenue
Las Vegas, NV 89139