# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

UNILEVER SUPPLY CHAIN, INC.
1 John Street
Clinton, Connecticut 06413,

    Plaintiff,

v.

JOSHUA W. STEENMEYER d/b/a
PopsicleShirts.com, Inc.
6001 Shining Light Avenue
Las Vegas, NV 89139,

    Defendant.

CASE NO. 1:07-cv-03705 (NRB)



## FINAL JUDGMENT ORDER

THIS CAUSE came before the Court on a motion for summary judgment filed by Plaintiff Unilever Supply Chain, Inc. ("Unilever") The Court, having duly considered the arguments in the motion papers and taking into account the entire record herein, has determined that there is no genuine issue as to any material fact with respect to Unilever's claims for trademark infringement, false designation of origin, dilution, unfair competition, and cybersquatting under the laws of the United States, the State of New York and the common law, and that Unilever is entitled to judgment in its favor on each of its claims as a matter of law. Accordingly, it is this  8th  day of  November , 2007 hereby,

ORDERED, ADJUDGED AND DECREED, as follows:

1.    Unilever's POPSICLE Marks are famous and Defendant's unauthorized use of the POPSICLE Marks and the POPSICLESHIRTS and POPSICLETEES designations infringe and dilute Unilever's POPSICLE Marks. The Court further finds that Defendant's infringement and dilution was knowing, intentional, and willful.

2. Judgment on Unilever's Complaint shall be, and hereby is, entered in favor of Unilever and against Defendant Joshua Steenmeyer.

3. Defendant Joshua Steenmeyer, his successors, agents and employees, and anyone acting in active concert or participation with or at the behest or direction of any of them, are permanently enjoined from using Unilever's POPSICLE Marks, the POPSICLESHIRTS and POPSICLETEES designations, and any other designation that is comprised of or incorporates POPSICLE, any colorable imitation thereof, or any otherwise confusingly similar mark.

4. By no later than October 1, 2007, Defendant Joshua Steenmeyer shall (a) destroy all labels, packaging, products, wrappers, signs, prints, banners, posters, brochures, or other advertising, marketing, or other promotional materials bearing Unilever's POPSICLE Marks, the POPSICLESHIRTS and POPSICLETEES designations, and any other designation that is comprised of or incorporates POPSICLE, any colorable imitation thereof, or any otherwise confusingly similar mark; and (b) permanently remove all Internet web sites, online advertising, marketing, promotions or other online materials bearing such marks or designations.

5. Defendant Joshua Steenmeyer shall file with the Court and serve on Unilever's counsel within 30 days after service of this Final Judgment Order, a written report, sworn under oath, setting forth in detail the manner and form in which Defendant has complied with this Final Judgment Order.

This Final Judgment Order on Plaintiff's Complaint is entered as a final judgment under Rule 54(b) of the Federal Rules of Civil Procedure.

SO ORDERED.

Naomi Reice Buchwald, U.S.D.J.